| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| JEROME BLACK, | § § | |
| PLAINTIFF, | § § | |
| VERSUS | § § | CIVIL ACTION H-08-0736 |
| TDCJ-ID, ET AL., | § § § | |
| DEFENDANT. | § | |

## Opinion on Dismissal

Jerome Black sues the Texas Department of Criminal Justice, Warden Jackie Edwards, Linda S. Arnold, and Dr. John Wang for civil rights violations. The defendants move for summary judgment.

1. *Claims*

On March 9, 2006, Black worked in the laundry at the Ellis I Unit. Arnold told Black to clean the laundry area, including the roof of the Sergeant's office. The roof of the office was unsafe. Arnold ordered Black to use a ladder, which is not a laundry tool, to finish the job. During his cleaning, Black walked a few feet off the ladder and onto the roof consisting of only shingles with a metal beam for support. He immediately slipped and fell through the roof.

Arnold failed to stay in the laundry and supervise Black, and at the time of the accident she was absent. Arnold actually knew of a substantial risk of serious harm. Arnold's order for Black to do the roof work was negligent.

A guard took Black to the infirmary. He suffered swelling and cuts on his right hand and a back injury accompanied by severe pain. Nurse Allen cleaned Black's hand and gave him an ice pack. Allen scheduled Black to see a doctor the next day. Later, Black talked to Laundry Captain Johnson about the incident. Johnson told Black: "I felt you didn't get up there on your own." The next day, Arnold conducted a safety meeting on ladder use.

Black's injury consisted of back and spinal injuries which caused chronic neck and shoulder

pain. Dr. Nagal prescribed only ibuprofen. Two months later, Dr. Nagal saw Black and gave him restrictions against heavy lifting on his prison health summary. Black continued to visit the infirmary throughout 2006, and up to the time he sued.

Prison officials changed Black's job to the hoe squad, although Black had not been found guilty of any disciplinary infraction. This job assignment was inconsistent with Black's medical condition. Black suffered discomfort on the hoe squad.

On a recent clinic visit in 2008 for severe back pain, Dr. Wang saw Black. Dr. Wang ignored Black's request for serious medical help. On January 25, 2008, Black requested an x-ray and one was taken. After the x-ray, Dr. Wang told Black he could do nothing more for him. Dr. Wang denied Black's request for a different job assignment. Dr. Wang provided only pain medications, rather than something more effective. Black states he was denied medical care on January 25, 2008, by Dr. Wang failing to provide further medical treatment for his back problem (like an MRI, CAT scan, or x-rays) and failing to provide a different work environment or more medical restrictions.

2. *Cleaning the Roof*

The Eighth Amendment standard is deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825 (1994). A defendant is deliberately indifferent when he knows an inmate faces a substantial risk of serious harm and disregards the risk by not taking reasonable measures. *Id.*, at 847. A defendant is not liable unless he knows of and disregards an excessive risk to inmate health or safety; the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the defendant must also draw the inference. *Id.*

Arnold argues in her summary judgment motion that if she should have foreseen that someone would climb off the ladder onto the roof to clean it and that the ladder would not support his weight as Plaintiff argues, this shows negligence. She contends that Black did not allege any facts which show that she actually knew of a substantial risk of harm to Black's safety in cleaning the roof. She claims Black did not provide any evidence that she knew the roof would not support him. She also says a guard gave Black a ladder to clean the roof and he stepped off the roof on his own initiative.

Black responds that Arnold should have known that because there was a work order to clean the roof, she was aware of the obvious risk to Black's safety and that she ignored the risk. He also says that she responded unreasonably to the danger.

Arnold's contentions show the absence of a material issue on Black's claim of deliberate

2

indifference concerning his fall. Black does not allege specific facts or otherwise show that Arnold or any other prison employee was aware of a substantial risk of serious harm to Black while cleaning the roof. The record does not show deliberate indifference by Arnold on Plaintiff's fall through the prison laundry roof.

3. *Warden Edwards*

Warden Edwards says she had been promoted to Regional Director on September 1, 2005. (47-2, p. 2). She was not the warden of the Ellis I Unit at the time of the incidents underlying the complaint. When Black fell through the roof, Edwards was not involved in the operation of the prison unit, much less personally involved in the incident. Black raises no facts which show any involvement by Edwards. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

4. *Medical Care*

The specific standard for a medical care claim is whether the plaintiff has suffered "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Allegations of negligence, medical malpractice, or even gross negligence, do not show deliberate indifference. *Hare v. City of Corinth, MS*, 74 F.3d 633, 645 (5th Cir. 1996).

Dr. Wang submits the following evidence. The first time he saw Black was on January 25, 2008, almost two years after Black fell through the roof. Dr. Wang's Motion for Summary Judgment, Ex. C. (med 33-34). Black complained of chronic back pain and muscle spasms. *Id.*, 32-34. Dr. Wang prescribed Robaxin and ordered lumbar spine x-rays. *Id.*, 33-34. Other medical personnel saw Black in February and March, 2008. *Id.*, 35, 40, 41, 42, 44, 46, 49.

On March 3, 2008, Dr. Wang saw Black in his cell in a follow-up visit concerning his back pain. *Id.*, 46. Dr. Wang noted Black was able to sit on his bed without distress. *Id.* Dr. Wang determined that Black had degenerative joint disease or osteoarthritis. *Id.* Dr. Wang ordered a continuation of non-steroidal anti-inflammatory drugs. *Id.*

The medical records and Black's allegations show that prison medical personnel, including Dr. Wang, saw and treated him. Records of exams, diagnoses, and medications tend to refute claims of deliberate indifference to medical conditions. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Black's claim that he was denied medical care on January 25, 2008, is defeated by the medical records showing that Dr. Wang prescribed Robaxin and ordered lumbar spine x-rays. *Id.*

Black claims that Dr. Wang chose to provide less than the most effective treatment by

3

providing only pain medications. Negligence or medical malpractice is not a constitutional violation. *Hare*, 74 F.3d 633, 645. Furthermore, a disagreement about the need for specific medical treatment does not state a claim for deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534-35 (5th Cir. 1999). Black's claims that Dr. Wang failed to run specific tests and that he told Black there was nothing further to do for him do not raise a constitutional violation. *Id.*

### 5. *Work Assignments*

Dr. Wang is not involved in work assignments. Dr. Wang's Motion for Summary Judgment, Ex. B (3-4). The unit classification committee or someone appointed by the warden makes job assignments for prisoners. *Id.*, 3. Dr. Wang was not personally involved in Black's job assignment. *Thompkins*, 828 F.2d at 304. Furthermore, on March 8, 2007, prison officials placed a medical work restriction of no lifting over 50 lbs. Ex. A, 24. As of February 20, 2008, Black's prison job was consistent with this work restriction. *Id.*, 7.

To show a constitutional deprivation concerning a job, the plaintiff must show that the work significantly aggravated a serious medical condition and that prison officials were aware of the medical condition and ignored it. *Jackson v. Cain*, 864 F.2d 1235, 1246-47 (5th Cir. 1989). As with medical care claims, the plaintiff must show deliberate indifference. *Id.*, at 1246. Black does not allege specific facts which show that his job significantly aggravated a serious medical condition. Black has not shown a constitutional violation concerning his job.

### 6. *No Deliberate Indifference*

A prisoner claiming deliberate indifference must show that the defendant was subjectively aware of and disregarded a risk of serious harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Black has not shown this concerning medical care or his prison job. To prevail in claims on medical care, the plaintiff must allege facts showing that a defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly show a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Black has not alleged facts showing this kind of behavior by Dr. Wang. Black has not defeated defendants' summary judgment showings and has not shown deliberate indifference as to medical care or his job. *Domino*, 239 F.3d at 756 (the deliberate indifference standard is an "extremely high" one to meet).

7. *Conclusion*

The summary judgment record does not raise any facts material to Black's claims. The defendants' motions for summary judgment (38, 47, 48) are granted.

Signed June __13__, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge